# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **KEVIN GARNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **STATE FARM MUTUAL** | ) |
| **AUTOMOBILE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel and files this Notice of Removal, removing this civil action from the Circuit Court of Walker County, Alabama to the United States District Court for the Northern District of Alabama, Jasper Division, pursuant to 29 U.S.C. §1441, *et seq*. In support of its Notice of Removal, State Farm states as follows:

## PROCEDURAL BACKGROUND

1.      On May 1, 2017 Plaintiff Kevin Garner ("Plaintiff") filed a Complaint in the Circuit Court of Walker County, Alabama, in the civil action styled *Kevin Garner v. State Farm Fire and Casualty Company, et al.*, 64-CV-2017-900167, asserting a claim for Negligent Entrustment and Screening Against

State Farm.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery, and orders are attached hereto as **Exhibit "A."**

2. In the Complaint, Plaintiff alleges that State Farm insured Stone Air/Properties at the time Stone Air/Properties hired Raymond Jerome Johnson. (Ex. A, Compl. ¶1).  Plaintiff further alleges that State Farm and its Agent Tommy Combs,[1] did not perform a reasonable vetting, background check or investigation as to whether Raymond Jerome Johnson had a valid driver's license, good driving record or was a competent driver at the time he sought employment with Stone Air/Properties.  (Ex. A, Compl. ¶2).  The Complaint alleges that State Farm negligently issued a policy that allowed Raymond Jerome Johnson to drive an automobile for Stone Air/Properties. (Ex. A, Compl. ¶3).  Furthermore, the complaint alleges that State Farm had a duty to properly research Defendant Johnson's driving history and investigate Johnson's competency to operate a motor vehicle.  (Ex. A, Compl. ¶4).

3. Based on these allegations, Plaintiff demands judgment against State Farm for bodily injuries, past and future medical expenses, lost wages and future earnings, and past and future physical pain and mental anguish stemming from a car accident with Raymond Johnson.  (Ex. A, Compl. ¶5).

---

[1] Combs is not a party to the lawsuit.

4. Based on that car accident, Plaintiff has also sued Johnson and Stone Properties, LLC, State Farm insureds, in a separate action, styled *Kevin Garner v. Raymond Johnson, et al.,* CV-2015-900343, In the Circuit Court of Walker County, Alabama. In that lawsuit, Plaintiff amended his Complaint to include State Farm, but then dismissed State Farm and instituted this new action.

5. State Farm was served with the Summons and Complaint on May 8, 2017. Therefore, this filing is timely as within 30 days of service. *See* 28 U.S.C. §1446(b).

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because State Farm has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as set forth fully below.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff Kevin Garner is a citizen of Walker County, Alabama. *See* Garner's address on the notarized Hospital invoice and lien, attached hereto as **Exhibit "B"**.[2]

8. State Farm is an Illinois mutual company with its principal place of business in the State of Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), State Farm is

---

[2] The Hospital Lien, Invoice, and Certified Policy are properly attached to this Notice of Removal. *See Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

3

not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

9. The citizenship of fictitious defendants should not be considered for purposes of determining diversity. 28 U.S.C. § 1441(b)(1); *see also Sexton v. Principal Fin. Group*, 920 F. Supp. 169, 171 (M.D. Ala. 1996) (citing an earlier version of the current 28 U.S.C. § 1441(b)(1)).

10. Hence, there is complete diversity between the Plaintiff and the Defendant in this case.

## AMOUNT IN CONTROVERSY

11. It is apparent from the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Complaint asserts a state law claim for negligence, and Plaintiff seeks damages against Defendant State Farm for compensatory, general, and mental anguish damages. *See* Compl. ¶5 and "Wherefore" clause. State Farm denies the allegations of Plaintiff's Complaint and denies it is liable for any damages to Plaintiff. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. §1332.

12. Removal is proper pursuant to 28 U.S.C. §1446, in that there is a sufficient basis that the jurisdictional amount in controversy could be met. 28 U.S.C. §1446(c)(2) provides as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 U.S.C.§ 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a) [28 U.S.C. § 1332(a)].

Accordingly, because Plaintiff seeks unspecified damages for his cause of action, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional amount. *Id.*

13. In its determination of removability, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir.

2010) (internal citation and quotation marks omitted).  "Put simply, a district court need not suspend reality or shelve common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062 (internal citations and quotation marks omitted).  District courts must independently recognize the value of a claim, rather than rely on the plaintiff's representations.  *Id.* at 1064.  As such, the Court is free to use "judicial experience and common sense."  *Shepherd v. State Farm Fire and Casualty Company*, 2012 U.S. Dist. LEXIS 105665 (N.D. Ala. July 30, 2012) (Coogler, J.) (*quoting Roe*, 613 F.3d at 1064).

14.     In the Complaint, Plaintiff seeks an indeterminate amount in damages pursuant to his claim for negligence against State Farm.  Plaintiff alleges to have suffered bodily injuries, past and future medical expenses, lost wages and future earnings, and past and future physical pain and mental anguish.  (Ex. A, Compl. ¶5).

15.     As noted above, Plaintiff has filed a separate lawsuit against two State Farm insureds (and others) related to the Plaintiff's car accident with Johnson.  The policy of insurance, applicable in Plaintiff's suit against the State Farm insureds, has liability limits of $100,000.00.  *See* Certified Policy, Declarations Page, attached hereto as **Exhibit "C"**.  "Common sense" indicates that the Plaintiff is seeking damages in excess of the $100,000 liability limits by filing this new (and

improper) direct action against State Farm, based on the same car accident. This, combined with Plaintiff's allegations of bodily injuries, past and future medical expenses, lost wages and future earnings, and past and future physical pain and mental anguish, satisfies the jurisdictional amount in controversy. *See Shepherd*, *supra* at *6-9 (finding by a preponderance of the evidence that more than $75,000 was in controversy where, under the insurance contract, $38,549.19 at a minimum was in controversy and where plaintiff requested damages for emotional distress damages among other requests for damages).

16. Furthermore, Plaintiff has submitted evidence in the underlying lawsuit against Johnson demonstrating that the cost of his initial hospital after the car accident exceed the jurisdictional amount in controversy. More specifically, Plaintiff was billed $78,472.85 for his emergency surgery at the University of Alabama Hospital. *See* **Exhibit "B"**. This evidence alone demonstrates that the amount in controversy is met.

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

17. Because this Notice of Removal was filed within 30 days of service of the Complaint on State Farm, it is timely under 28 U.S.C. §1446(b).

18. The prerequisites for removal under 28 U.S.C. §1441 have been met.

19. State Farm has sought no similar relief with respect to this matter.

20. No further proceedings have been had in this action.

21.  Pursuant to 28 U.S.C. § 1446(d), a written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

22.  Pursuant to 28 U.S.C. § 1446(d) a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Circuit Court Clerk for the Circuit Court of Jefferson County. (*See* Notice of Filing Notice of Removal, attached hereto as **Exhibit "D"**).

23.  If any question arises as to the propriety of the removal of this action, State Farm requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

24.  Plaintiff's Complaint also lists "Fictitious Defendants." *Federal Rule of Civil Procedure* 10(a) does not allow fictitious party practice "as it is incompatible with the federal procedure." *Ford v. DeLoach*, 2005 WL 1243346, n.2 (M.D. Ala., May 25, 2005).  Fictitious party practice is not permitted and the failure of a plaintiff to name parties requires the Court to strike said fictitious parties. *Ford*, 2005 WL 1243346 at *1 (citing *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n. 1 (11th Cir. 1997)).

## CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this action be, and is hereby, removed to this Court, this Court assume jurisdiction of this action, and this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted this the 7th day of June, 2017.

/s/ A. David Fawal
A. David Fawal [ASB-4593-W82A]
david.fawal@butlersnow.com
Matthew A. Barley [ASB-6178-K15F]
Matt.barley@butlersnow.com

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 297-2200
Facsimile:   (205) 297-2100

*Attorneys for State Farm Mutual Automobile Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's AlaFile system and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

G. Whit Drake
**DRAKE LAW FIRM**
Two Perimeter Park South, Suite 510 East
Birmingham, Alabama  35243
Telephone:  (205) 970-0800
Facsimile:  (205) 970-8809
Email:  wdrake@drakelawal.com

*Attorney for Plaintiff.*

**Done this the 7th day of June, 2017.**

**/s/ A. David Fawal\_\_\_**
**OF COUNSEL**

36732720v1