DOCUMENT 3

Case 6:17-cv-00952-LSC   Document 1-1   Filed 06/07/17   Page 1 of 15

ELECTRONICALLY FILED
5/1/2017 11:18 AM
64-CV-2017-900167.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

FILED
2017 Jun-07 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **KEVIN GARNER** an individual; | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation; and THOSE OTHER PERSONS, CORPORATIONS, AND OTHER LEGAL ENTITIES DESIGNATED HEREIN AS FICTITIOUS PARTIES** | ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

Civil Action No.:

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**  State Farm Mutual Automobile Insurance Company
                                 1 State Farm Plaza
                                 Bloomington, IL 61701

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to <u>DRAKE LAW FIRM</u>, attorney for plaintiff, <u>Two Perimeter Park South, Suite 510 East, Birmingham, AL 35243</u>. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                              _____
                                              CLERK OF COURT

                                              DATED: _____

| |
|---|
| EXHIBIT A |

ELECTRONICALLY FILED
5/1/2017 11:18 AM
64-CV-2017-900167.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

# IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **KEVIN GARNER, an individual,** ) | ) |
| Plaintiff, ) | Civil Action No.:_____ |
| v. ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, a corporation; and THOSE OTHER PERSONS, CORPORATIONS, AND OTHER LEGAL ENTITIES   DESIGNATED HEREIN AS FICTITIOUS PARTIES, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**No. 1**, whether singular or plural, Plaintiff hereby intends to designate the driver of the motor vehicle which caused Plaintiff to be injured on the occasion made the basis of this suit;

**No. 2**, whether singular or plural, Plaintiff hereby intends to designate the owner of the motor vehicle operated by Defendant on the occasion made the basis of this suit;

**No. 3**, whether singular or plural, Plaintiff hereby intends to designate that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this action, including, but not limited to, protection against uninsured/under insured motorists;

**No. 4**, whether singular or plural, Plaintiff hereby intends to designate that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle operated by Defendant on the occasion made the basis of this suit;

**No. 5**, whether singular or plural, Plaintiff hereby intends to designate that entity or those entities who or which provided maintenance and upkeep on the motor vehicles involved in the accident made the basis of this suit;

**No. 6**, whether singular or plural, Plaintiff hereby intends to designate that entity or those entities who or which did any repair work on the motor vehicles involved in the accident made the basis of this suit;

**No. 7**, whether singular or plural, Plaintiff hereby intends to designate that entity or those entities who or which manufactured and/or distributed the motor vehicles, or any of the component parts thereof, involved in the accident made the basis of this suit;

**No. 8**, whether singular or plural, Plaintiff hereby intends to designate that entity or those entities, who or which were the master or principal of the driver of the motor vehicles at the time of this accident;

**No. 9,** whether singular or plural, that entity or those entities for whom the Defendant driver at the time of this accident was performing some type of service or employment duty;

**No. 10,** whether singular or plural, that entity or entities who or which negligently entrusted the motor vehicle operated by Defendant on the occasion of the occurrence made the basis of this lawsuit;

**No. 11,** whether singular or plural, that entity or those entities, who or which caused the vehicle involved in the occurrence made the basis of this lawsuit to become uncontrolled or out of control and cause Plaintiff's injuries on the occasion made the basis of this lawsuit;

**No. 12,** whether singular or plural, that entity or those entities on whose behalf the vehicle which collided with the vehicle in which the Plaintiff was riding on the occasion of the occurrence made the basis of this lawsuit was being operated at the time of said occurrence;

**No. 13,** whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious party Defendants listed or described herein;

**No. 14,** whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named fictitious party Defendants herein;

**No. 15,** whether singular or plural, that entity or those entities who or which was responsible for the injuries and damages suffered by the Plaintiff on the occasion of the occurrence made the basis of this lawsuit;

**No. 16,** whether singular or plural, that entity or those entities who or which, in the course of business did serve the Defendant driver alcoholic beverages and/or other intoxicating substances on the occasion made the basis of this litigation;

**No. 17,** whether singular or plural, that entity or those entities who or which served, provided and/or sold to the Defendant driver alcoholic beverages, drugs and/or illegal substances on the occasion made the basis of this lawsuit;

**No. 18,** whether singular or plural, that entity or those entities who were agents and/or employees of any Defendant named and/or described herein on the date of the occurrence made the basis of this lawsuit and who served and/or sold intoxicating beverages to any person whose acts or omissions caused or contributed to cause Plaintiff's injuries;

**No. 19,** whether singular or plural, that entity or those entities, that individual or those individuals, who or which negligently and/or wantonly served, sold and/or provided intoxicating beverages to any person whose actions caused or contributed to cause the Plaintiff's injuries;

**No. 20,** whether singular or plural, that entity or those entities, that individual or those individuals, who or which sold and/or provided drugs or other illegal substances to any person whose actions caused or contributed to cause Plaintiff's injuries;

**No. 21,** whether singular or plural, that entity or those entities, that person or those persons who or which is the successor-in-interest of any Defendant named and/or described herein;

**No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, other than those entities and individuals described above whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;**

**No. 23, whether singular or plural, that entity or those entities who or which is the successor-in-interest of any Defendant named and/or described herein;**

**No. 24, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.**

**No. 25, whether singular or plural, that entity or those entities who is the parent corporation of any of the named Defendants described above;**

**Plaintiff avers that the identities of the fictitious party Defendants described herein are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper party Defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained,**

## COMPLAINT

COMES NOW the Plaintiff, Kevin Garner, by and through his undersigned counsel of record, and files this Complaint against State Farm Mutual Automobile Insurance Company. As grounds for said Complaint, the Plaintiff shows unto the Court the following:

## COUNT I

## NEGLIGENT ENTRUSTMENT AND SCREENING AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1. Plaintiff alleges that State Farm insured Stone Air/Properties at the time of Defendant Raymond Jerome Johnson's hiring.

2. Plaintiff alleges Defendant State Farm, and its agents, specifically Tommy Combs, did not perform a reasonable vetting, background check or investigation as to whether Defendant Raymond Jerome Johnson had a valid driver's license, good driving record or was a competent driver at the time he sought employment with Stone Air/Properties.

3. Plaintiff further alleges that Defendant State Farm negligently issued a policy that allowed Raymond Jerome Johnson to drive an automobile for Stone Air/Properties.

4. Plaintiff further alleges that State Farm and Tommy Combs had a duty to properly research Defendant Johnson's driving history, as any other reasonable insurance company would have done. Specifically, Defendant Johnson had a poor driving record and no driver's license at the time of this accident. As such, State Farm and/or Tommy Combs failed to properly investigate Johnson's background and competency to operate a motor vehicle. Defendant State Farm breached its duty by issuing coverage to Johnson, and as a proximate result of the Defendant State Farm's conduct, Plaintiff sustained multiple injuries and damages as set forth in Plaintiff's Complaint.

5. As a result of the wrongful, negligent and/or wanton conduct of the above-described Defendants, including the fictitious party defendants, the Plaintiff was caused to be injured and damaged as follows:

(a) Plaintiff suffered injuries in and about his body;

(b) Plaintiff incurred, and will incur in the future, sums of money in the nature of doctor, hospital, prescription medication and other expenses for treatment of his injuries;

(c) Plaintiff suffered lost wages and loss of earning capacity;

(d) Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of his injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment State Farm Mutual Automobile Insurance Company for an amount of money that will fairly compensate him, together with interest from the date of injury and the costs of this proceeding.

**PLAINTIFF DEMANDS A JURY TRIAL FOR ALL ISSUES**

        Respectfully Submitted,

        **s /    G. Whit Drake**
        G. WHIT DRAKE (DRA011)
        Attorney for Plaintiff

*Of Counsel*:
DRAKE LAW FIRM
Two Perimeter Park South
Suite 510 East
Birmingham, AL 35243
(205) 970-0800

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT, AS FOLLOWS:**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**1 State Farm Plaza**
**Bloomington, IL  61701**

        *s/    G. Whit Drake*
        Of Counsel

ELECTRONICALLY FILED
5/1/2017 12:20 PM
64-CV-2017-900167.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **KEVIN GARNER** ) | |
| an individual; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-2017-900167.00 |
| ) | |
| **STATE FARM MUTUAL** ) | |
| **AUTOMOBILE INSURANCE** ) | |
| **COMPANY, a corporation;** ) | |
| and THOSE OTHER PERSONS, ) | |
| CORPORATIONS, AND OTHER ) | |
| LEGAL ENTITIES DESIGNATED ) | |
| HEREIN AS FICTITIOUS PARTIES, ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE TO CLERK OF FILING DISCOVERY

TO:  Clerk, Circuit Court

Please take notice that the following discovery document has been filed on behalf of **Plaintiffs:**

Plaintiff's First Interrogatories to State Farm Automobile Insurance Company;
Plaintiff's First Request for Production to State Farm Automobile Insurance Company.
Plaintiff's First Request for Admissions to State Farm Automobile Insurance Company.

Respectfully submitted,

/s/ G. Whit Drake
G. Whit Drake (DRA 001)
*Attorney for Plaintiff*

Of Counsel:
G. Whit Drake

DRAKE LAW FIRM
Two Perimeter Park South
Suite 510 East
Birmingham, Alabama 35243

**PLEASE SERVE THE DEFENDANT ALONG WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
5/1/2017 12:20 PM
64-CV-2017-900167.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **KEVIN GARNER** an individual; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation;** and **THOSE OTHER PERSONS, CORPORATIONS, AND OTHER LEGAL ENTITIES DESIGNATED HEREIN AS FICTITIOUS PARTIES,** | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No.: CV-2017-900167.00

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT STATE FARM INSURANCE COMPANY

COMES NOW the Plaintiff, Kevin M. Garner, and propounds the following First Interrogatories to Defendant State Farm Insurance Company, pursuant to Rule 33 of the Alabama Rules of Civil Procedure.

### INTERROGATORIES

1. Identify each and every thing that Tommy Combs did or did not do as it pertained to vetting or researching Raymond Jerome Johnson.

2. Identify each and every thing that this Defendant did as it pertains to investigating or researching the background of Raymond Jerome Johnson.

3.      State in great detail each and every thing that this Defendant did before agreeing to issue a policy that would cover Raymond Jerome Johnson or Stone Air/Properties.

/s/ G. Whit Drake
G. WHIT DRAKE (DRA011)
Attorney for Plaintiff

*Of Counsel:*
DRAKE LAW FIRM
Two Perimeter Park South
Suite 510 East
Birmingham, Alabama 35243
(205) 970-0800

**PLEASE SERVE THE DEFENDANT ALONG WITH THE SUMMONS AND COMPLAINT**

s/      G. Whit Drake
Of Counsel

DOCUMENT 9

Case 6:17-cv-00952-LSC   Document 1-1   Filed 06/07/17   Page 11 of 15

ELECTRONICALLY FILED
5/1/2017 12:20 PM
64-CV-2017-900167.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **KEVIN GARNER** ) | |
| an individual; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-2017-900167.00 |
| ) | |
| **STATE FARM MUTUAL** ) | |
| **AUTOMOBILE INSURANCE** ) | |
| **COMPANY, a corporation;** ) | |
| and **THOSE OTHER PERSONS,** ) | |
| **CORPORATIONS, AND OTHER** ) | |
| **LEGAL ENTITIES DESIGNATED** ) | |
| **HEREIN AS FICTITIOUS PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO STATE FARM INSURANCE COMPANY

COMES NOW the Plaintiff, Kevin M. Garner, and propounds the following Request for Admissions:

### REQUEST FOR ADMISSIONS

1. Admit or deny that this Defendant and/or its agents, including but not limited to Tommy Combs, did not perform a back ground check on Raymond Jerome Johnson.

2. Admit or deny that this Defendant or any of its agents did not obtain a driving record for Raymond Jerome Johnson at any point in time.

3. Admit or deny that this Defendant or any of its agents, specifically Tommy Combs, did not confirm one way or the other, whether or not Raymond Jerome Johnson had a driver's license before the subject accident of July, 2015.

4.      Admit or deny that this Defendant, by and through its agents, issued insurance coverage to David Stone or Stone Air Properties without obtaining Raymond Johnson's driving record.

/s/ G. Whit Drake<br>
G. WHIT DRAKE (DRA011)<br>
Attorney for Plaintiff

*Of Counsel:*
DRAKE LAW FIRM
Two Perimeter Park South
Suite 510 East
Birmingham, Alabama 35243
(205) 970-0800


**PLEASE SERVE THE DEFENDANT ALONG WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
5/1/2017 12:20 PM
64-CV-2017-900167.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

**IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA**

| | |
|---|---|
| **KEVIN GARNER** ) | |
| an individual; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-2017-900167.00 |
| ) | |
| **STATE FARM MUTUAL** ) | |
| **AUTOMOBILE INSURANCE** ) | |
| **COMPANY, a corporation;** ) | |
| and THOSE OTHER PERSONS, ) | |
| CORPORATIONS, AND OTHER ) | |
| LEGAL ENTITIES DESIGNATED ) | |
| HEREIN AS FICTITIOUS PARTIES, ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT STATE FARM INSURANCE COMPANY**

COMES NOW the Plaintiff, Kevin M. Garner, and propounds the following First Requests for Production to Defendant State Farm Insurance Company, pursuant to Rule 34 of the Alabama Rules of Civil Procedure.

**REQUEST FOR PRODUCTION**

1.     Please produce this Defendant's complete claim and insurance file with regard to David Stone and Stone Air/Properties.

2.     Please produce the entire insurance file on Stone Air/Properties or David Stone that would be located at State Farm's Sumiton, Alabama office.

3. Please produce either State Farm's, Tommy Combs' or David Stone's agents' materials that were obtained in an effort to vet, investigate or research Raymond Jerome Johnson before or after he started working for or driving for Stone Air/Properties.

4. Produce the declaration sheet and policy for the coverage provided to David Stone or Stone Air/Properties as of July 2015.

5. Please produce each and every driving record, criminal history document or other item obtained by either Tommy Combs or his agents as it pertains to Raymond Jerome Johnson.

/s/ G. Whit Drake
G. WHIT DRAKE (DRA011)
Attorney for Plaintiff

*Of Counsel:*
DRAKE LAW FIRM
Two Perimeter Park South
Suite 510 East
Birmingham, Alabama 35243
(205) 970-0800

**PLEASE SERVE THE DEFENDANT ALONG WITH THE SUMMONS AND COMPLAINT**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CV17-900167
   State Farm Mutual Auto Ins. Co.
   1 State Farm Plaza
   Bloomington, IL 61701

   9590 9402 2377 6249 3557 42

2. Article Number (Transfer from service label)

   7016 1370 0000 8842 7785

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
   MAY 8 2017

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt