

FILED
2017 Jul-03  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| **KEVIN GARNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **6:17-cv-00952-LSC** |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE** | ) | |
| **INSURANCE COMPANY,** | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT STATE FARM'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS

**COMES NOW** Defendant State Farm Mutual Automobile Insurance Company ("State Farm") by and through counsel, and respectfully submits this Reply to Plaintiff's Response [Doc. 6] to State Farm's Motion to Dismiss [Doc. 2]. In support thereof, State Farm states as follows:

### I.   INTRODUCTION

Plaintiff's Response to State Farm's Motion to Dismiss does nothing to change the fact that Plaintiff's claims against State Farm fail as a matter of law and are due to be dismissed.  First, in his opposition response, Plaintiff implicitly concedes that he cannot bring direct action against State Farm.  Plaintiff's opposition response offers no counter to clear Alabama law that Plaintiff is not

37118530v1

allowed to bring a direct action against State Farm.  Therefore, Plaintiff's claims are due to be dismissed on that implicit concession alone.  Second, Plaintiff's opposition response contains only non-binding case law from other jurisdictions (law that frankly does not even support Plaintiff's claims here), and asks this Court to create a non-existent tort and impose a non-existent duty on State Farm, contrary to Alabama law.  Third, State Farm's alleged conduct is not the proximate cause of Plaintiff's accident and Plaintiff cannot impose liability on State Farm for the conduct of its insured.

## II.     ARGUMENTS

### A.     Plaintiff implicitly concedes that he cannot bring this direct action against State Farm.

Alabama law is indisputably clear; Plaintiff's lawsuit against State Farm is an impermissible direct action.  *See* Ala. Code § 27-23-2 and *Williams v. State Farm Mut. Automobile Ins. Co.*, 886 So. 2d 72 (Ala. 2003); *Howton v. State Farm Mut. Automobile Ins. Co.*, 507 So. 2d 448 (Ala. 1987); *Stewart v. State Farm Ins. Co.*, 454 So. 2d 513 (Ala. 1984); and *Ivory v. Fitzpatrick*, 445 So. 2d 262 (Ala. 1984).  Alabama law does not allow Plaintiff to improperly attempt to hold State Farm liable for the conduct of its insured, when the liability of State Farm's insured has not yet been determined.

The first argument in State Farm's motion to dismiss addressed the impropriety of Plaintiff's direct action against State Farm. [Doc. 2, pp. 5-7]. It appears that Plaintiff is aware of Alabama law on this issue because Plaintiff's opposition response failed to dispute State Farm's position that this lawsuit is a prohibited direct action against State Farm. Therefore, Plaintiff has failed to provide any legal or factual basis to refute State Farm's argument, and by this implicit concession, it is undisputed that Plaintiff's claims against State Farm are due to be dismissed as an improper direct action under Alabama law.

**B.     Plaintiff's opposition response contains only non-binding case law from other jurisdictions, and asks this Court to create a non-existent tort and impose a non-existent duty on State Farm, contrary to Alabama law.**

Plaintiff's opposition response is the first time Plaintiff alleges a "voluntary" undertaking by State Farm. To be clear, nowhere in the Complaint does Plaintiff allege that State Farm voluntarily undertook to perform a duty. Regardless of his new allegation, Plaintiff can still not prove, as a matter of law, that State Farm owed a duty to Plaintiff or that State Farm was the proximate cause of Plaintiff's car accident with State Farm's insured.

Plaintiff's opposition response fails to cite to any binding precedent in support of his new position, but instead relies on cases with wholly distinguishable

facts[1] and applying Florida law and Illinois law.[2] In fact in his brief, "Plaintiff concedes that, pursuant to common principles of Alabama tort law, a general liability insurer has no proactive duty to undertake a safety inspection for the protection of a third party beneficiary." [Doc. 6, p. 4].[3] As cited in State Farm's motion to dismiss [Doc. 2, pp. 8-9], Alabama law is certain, that based on the facts alleged by Plaintiff, State Farm's alleged investigation was done to protect its interests in underwriting and loss prevention with respect to the policy of insurance, and not for the benefit of a third party. *Starks v. Commercial Union Ins. Co.*, 501 So. 2d 1214, 1217 (Ala. 1987)("When a [insurance] carrier inspects its insured's work place, it does so to promote its interest in underwriting, rating, and loss prevention with respect to the policy of insurance."). Based on the foregoing, Alabama law is clear that State Farm did not owe a duty to Plaintiff, and Plaintiff's negligence claim fails as a matter of law.

However, even if this Court were to find that State Farm owed a duty to Plaintiff, State Farm's alleged conduct is still too tenuous and not the proximate cause of the car accident with State Farm's insured. If Plaintiff's theory is taken to

---

[1] For example the two Illinois cases cited by Plaintiff, involve allegations regarding security companies undertaking obligations to provide protection to third parties and the alleged failure to protect those third parties.

[2] Furthermore, all of the cases and principles cited by Plaintiff have been distinguished by numerous courts within their own jurisdictions and in other jurisdictions. (*See e.g.*, *Gray v. Derderian*, 448 F. Supp. 2d 351 (D.R.I. 2005); and *Chelkova v. Southland Corp.*, 771 N.E.2d 1100 (Ill. App. Ct. 2002)).

[3] *See*, § 1:12 Sources and extent of duty—Duty to inspect, 1 Ala. Pers. Inj. & Torts § 1:12 (2016 ed.).

its logical conclusion, an insurer would be liable anytime an insured is involved in a car accident.

> Negligence alone does not afford a cause of action… If, between the alleged negligent act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken.

*Vines v. Plantation Motor Lodge*, 336 So. 2d 1338, 1339 (Ala. 1976)(citations omitted). In *Vines*, suit was brought on the theory that the owner of a truck, stolen by a thief and causing the death of an individual, was negligent for leaving his keys in the truck and was the proximate cause of the individual's death. *Id*. However, the Alabama Supreme Court, affirming the trial court, held that the truck owner's negligence was not the proximate cause of the death of the individual, but instead, the proximate cause was the actions of the thief who was driving the stolen truck. *Id*. at 1340.

Similarly, in *Byrd v. Commercial Credit Corp*, 675 So. 2d 392 (Ala. 1996), a father of a minor, who was killed while driving a motorcycle, brought suit against the credit company that financed the minor's purchase of the motorcycle. The father argued that the credit company was the proximate cause of his son's death by improperly financing the minor's purchase of the motorcycle. *Id*. at 393. Although noting that the finance contract with the minor was voidable, the

Alabama Supreme Court affirmed the trial court's ruling that the credit company's financing of the motorcycle was not the proximate cause of the minor's death. *Id.*

Like the Alabama Supreme Court's analysis in *Vines* and *Byrd*, Johnson's driving of the truck was the proximate cause of Plaintiff's injuries, not State Farm insuring Johnson. Therefore, the intervening act and proximate cause of the car accident are the actions of the Plaintiff and Johnson, not State Farm insuring Johnson.[4]

### III.   CONCLUSION

As articulated above, Plaintiff's implicit concession that this is an improper direct action against State Farm warrants the dismissal of Plaintiff's claims. However, looking further, Plaintiff's opposition response fails to cite to any binding Alabama law imposing a duty on State Farm, but instead, Plaintiff asks this Court to impose a non-existent duty on State Farm. Regardless, even if State Farm owed an alleged duty to Plaintiff, State Farm's alleged conduct was not the proximate cause of the car accident and Plaintiff's injuries. Therefore, Plaintiff's claims as alleged against State Farm should be dismissed in their entirety.

**Respectfully submitted this the 3rd day of July, 2017.**

> **/s/ A. David Fawal**
> **A. David Fawal [ASB-4593-W82A]**
> **david.fawal@butlersnow.com**

---

[4] Additionally, the proximate cause of the car accident is still being litigated in the separate action between Plaintiff and State Farm's insureds.

                                        **Matthew A. Barley [ASB-6178-K15F]**
                                        Matt.barley@butlersnow.com

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2100

                                        *Attorneys for State Farm Mutual Automobile*
                                        *Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's AlaFile system and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

G. Whit Drake
**DRAKE LAW FIRM**
Two Perimeter Park South, Suite 510 East
Birmingham, Alabama  35243
Telephone:  (205) 970-0800
Facsimile:  (205) 970-8809
Email:          wdrake@drakelawal.com

*Attorney for Plaintiff.*

**Done this the 3rd day of July, 2017.**

**/s/ A. David Fawal**
**OF COUNSEL**